**Marine MOVSISYAN, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney
General, Respondent.**

**No. 07–70170.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Nov. 30, 2009.

Sergei Shevchenko, Barshev, P.C., Bev-
erly Hills, CA, for Petitioner.

CAC-District Counsel, Esquire, Office of
the District Counsel, Department of
Homeland Security, Los Angeles, CA, Ed-
ward John Duffy, Lyle Davis Jentzer, Es-
quire, U.S. Department of Justice, Wash-
ington, DC, Ronald E. Lefevre, Office of
the District Counsel, Department of
Homeland Security, San Francisco, CA,
for Respondent.

Before: ALARCÓN, TROTT, and
TASHIMA, Circuit Judges.

MEMORANDUM **

Marine Movsisyan, a native and citizen
of Armenia, petitions for review of the

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

Board of Immigration Appeals' ("BIA") order denying her motion to reopen and reissue based on ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo claims of due process violations, including claims of ineffective assistance of counsel in immigration proceedings. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). We deny the petition for review.

The BIA did not abuse its discretion in denying the motion to reopen and reissue on the ground that Movsisyan failed to comply with the requirements set forth in *Matter of Lozada,* 19 I. & N. Dec. 637, 639 (BIA 1988). The record contains no evidence that Movsisyan notified her former counsel of the charges, or provided him with an opportunity to respond. *See Reyes v. Ashcroft,* 358 F.3d 592, 594 (9th Cir.2004). Moreover, the face of the record does not show a "clear and obvious case of ineffective assistance of counsel." *Cf. Castillo–Perez v. INS,* 212 F.3d 518, 526 (9th Cir.2000). It follows that the BIA did not violate Movsisyan's due process by denying her ineffective assistance of counsel claim. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).